IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GARY VOGELER, individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**COLUMBIA ACORN TRUST and COLUMBIA WANGER ASSET MANAGEMENT, LP,**

**Defendants.**                                   No. 03-CV-0843-DRH

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

On November 13, 2003, Plaintiffs filed this purported class action in the Madison County, Illinois Circuit Court against Defendants (Doc. 2). Defendants removed the case to this Court based on federal question jurisdiction, **28 U.S.C. § 1331**, arguing that Plaintiffs' claims are preempted by the Securities Litigation Uniform Standards Act of 1998, **15 U.S.C. § 77 *et seq.*** ("SLUSA"), among other things. On February 12, 2004, the Court granted Plaintiffs' motion to remand (Doc. 28). Defendants appealed the remand to the United States Court of Appeals for the

1

Seventh Circuit (Docs. 32, 33).[1]

On April 5, 2005, the Seventh Circuit reversed the remand orders and directed the Court to "undo the remand orders and dismiss plaintiffs' state-law claims." ***Kircher, et. al. v. Putnam Funds Trust, et. al.*, 403 F.3d 478, 484 (7th Cir. 2005)**. On May 10, 2005, the Seventh Circuit issued the mandate. The Clerk of the Court received and docketed the mandate on May 18, 2005 (Doc. 49).

Between the Seventh Circuit's April 5, 2005 Opinion and the district court's receipt of the mandate, Plaintiffs filed an amended complaint pursuant to **Federal Rule of Civil Procedure 15(a)** and a motion for leave to amend the complaint (Docs. 46 & 47, respectively). The amended complaint, which contains common law negligence claims, tries to disavow all claims based on federal securities law and all bases for federal subject matter jurisdiction. The amendment of the complaint was improper. Moreover, it does not provide a new basis for remand, and it does not allow the Court to disregard the Seventh Circuit's directive.

Pursuant to the Seventh Circuit's Opinion and mandate in ***Kircher***, the Court finds that federal question jurisdiction existed at the time the case was removed to this Court and that SLUSA preempts Plaintiffs' claims contained in the original complaint. Thus, the Court **VACATES the February 12, 2004** remand Order (Doc. 28) and **DISMISSES with prejudice** Plaintiffs' state law claims in accord with the Seventh Circuit's mandate. Further, the Court **STRIKES** Plaintiffs'

---

[1]The Seventh Circuit consolidated this case with seven others from this judicial district regarding the same issue.

amended complaint (Doc. 46) and **DENIES as moot** Plaintiffs' motion for leave to amend the complaint (Doc. 47).

       **IT IS SO ORDERED.**

Signed this 27th day of May, 2005.

                                            /s/   David RHerndon
                                            **United States District Judge**